UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 24-20511-CIV-JB-PMH

Mid-Castle Development Limited,

    Plaintiff,

v.

Liqueous LP and Jacob Fernane,

    Defendants.

_____/

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR CONTEMPT AND REQUEST FOR PRELIMINARY INJUNCTION HEARING**

Daniel B. Ravicher
Florida Bar No. 102809
ZEISLER PLLC
777 Brickell Avenue Fl 5
Miami, FL 33131
Tel.: (786) 505-1205
dan@zeisler-law.com

Angus F. Ni
MORROW NI LLP
506 2nd Ave, Suite 1400
Seattle, WA 98104
Tel.: 646-453-7294
angus@moni.law

*Attorneys for Plaintiff*

Plaintiff Mid-Castle Development Limited replies in support of its motion for contempt.

## I. ARGUMENT

Defendants' Opposition ("Opp") to the contempt motion makes two arguments: (i) that Plaintiff had "no right" and "no standing" to seek contempt of the TRO because of the unperformed settlement and its arbitration provision; and (ii) their "performance under the Settlement Agreement, admittedly, has been late" but that "there are currently 1.2 million SF shares in a reverse DWAC transfer to V-stock which required a medallion signature stamp and will require another once the shares have arrived at V-stock." Opp. at 3.

These arguments get the law and facts backwards.

***First***, ***the settlement is unperformed, and the matter remains active.*** While Defendants assert the existence of a dispute warranting arbitration, Defendants also admit that they have not performed the settlement. As such, the matter is not settled, remains active, and the Court's TRO is still in effect. As the Court's most recent order granting additional time to respond to the contempt motion stated: "Meanwhile, the TRO remains in place." Standing is not at issue.

***Second***, ***arbitration is irrelevant.*** As set forth in Mid-Castle's separate Opposition and Sur-Reply to Defendants' Motion to Compel Arbitration, given Defendants own delay and unresponsiveness, arbitration is no longer available. Dkts. 50, 59. But even assuming it is, Defendants' Opposition does not address the well-settled law that federal courts retain jurisdiction to issue injunctive relief pending arbitration. Dkt. 34, at 5-6. As such, Defendants' arguments about arbitration are irrelevant to the contempt motion.

***Third***, ***saying they will resolve this matter does not mean it is resolved and does not impact the TRO.*** Defendants have promised *numerous* times now, in pre-filing text messages, in the settlement, and now in the Opposition, that they would be returning Plaintiffs' shares. The fact that they have come up with shifting reasons for not doing so – the latest being "medallion signature stamp[s]" – does not change that fact. Of course, 1.2 million is not 2.5 million shares.

More fundamentally, whether Defendants are transferring *some* shares back has nothing to do with the Court's order to *produce* information on what they have done with *all* 2.5 million shares over six months. Indeed, the fact that they appear not to have all 2.5 million shares to transfer back illustrates why contempt is warranted. And, as the Settlement Agreement makes clear, its release and dismissal provisions do not become effective until this information has been

produced. Dkt. 31-2 (Settlement) §§ 2-3. Thus, even if Defendants return *all* 2.5 million shares, absent TRO-compliant productions, this case remains open and Defendants remain in contempt.

## II.     CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court grants Plaintiff's motion for contempt and set a hearing for a preliminary injunction.

Respectfully submitted this 24th day of June, 2024.

/s/ *Daniel B. Ravicher*
Daniel B. Ravicher
Florida Bar No. 102809
ZEISLER PLLC
777 Brickell Avenue Fl 5
Miami, FL 33131
Tel.: (786) 505-1205
dan@zeisler-law.com

Angus F. Ni (*pro hac vice*)
MORROW NI LLP
506 2nd Ave, Suite 1400
Seattle, WA 98104
Tel.: 646-543-7294
angus@moni.law

*Attorneys for Plaintiff*