UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 24-20511-CIV-BECERRA/HUNT

MID-CASTLE DEVELOPMENT LIMITED,

 Plaintiff,

vs.

LIQUEOUS LP and JACOB FERNANE,

 Defendants.
_____/

## REPORT AND RECOMMENDATION

 THIS MATTER is before the Court on two motions: Defendants' Motion to Dismiss for Lack of Jurisdiction and Compel Arbitration, and Plaintiff's Motion for Contempt and Request for a Preliminary Injunction. ECF Nos. 31, 34. The Honorable Jacqueline Becerra, United States District Judge, referred these motions to the undersigned United States Magistrate Judge for all necessary and proper action. *See* 28 U.S.C. § 636(b); *see also* S.D. Fla. Mag. R. 1. This Court held a hearing on July 24, 2024. Having reviewed the Motions, Responses and Replies, and having considered the representations made by counsel at the hearing, this Court hereby RECOMMENDS Defendants' Motion be GRANTED in part and DENIED in part and Plaintiff's Motion be DENIED without prejudice.

 In the underlying complaint, Plaintiff alleged Defendants converted 2.5 million shares of Shengfeng Development Limited stock without permission or consideration. ECF No. 1. This Court entered a temporary restraining order requiring Defendants to refrain from moving the shares and produce documentation of the shares' whereabouts.

ECF No. 16.  Following the entry of that order, the parties entered into a settlement agreement under which Defendants agreed to return the shares to Plaintiff, and, once Defendants performed, Plaintiff agreed to release its claims.  ECF No. 31.  The settlement agreement contains a provision compelling arbitration before FINRA for any disputes arising from or relating to the agreement:

> <u>Dispute Resolution</u>. This Agreement shall be interpreted, construed and governed by and in accordance with the law of the Florida *[sic]* without regard to the conflicts of law principles thereof. The Parties agree that all disputes arising from or relating to this Agreement shall be heard and determined exclusively in FINRA arbitration before the Financial Regulatory Authority, and irrevocably submit to such jurisdiction, which jurisdiction shall be exclusive. Subject to applicable law, the Parties hereby waive any objection to such exclusive jurisdiction and any objection that such courts represent an inconvenient forum. The Parties further agree that FINRA arbitration s *[sic]* shall have jurisdiction for purposes of enforcing all of the terms of provisions of the Agreement, including, but not limited to, any relief sought for a breach of or default of this Agreement.

*Id.*

Defendants moved to dismiss for lack of jurisdiction and compel arbitration.  *Id.*  In the time between the filing of that motion and the hearing on the matter, FINRA declined to administer arbitration because neither Defendant is a registered member over which FINRA has jurisdiction.  ECF Nos. 31, 50.  When given opportunity to cure, Defendants failed to perform the necessary steps to gain membership before a deadline supplied by FINRA.  *Id.*  Plaintiff moved for the entry of an order to show cause why Defendants should not be held in contempt for violation of this Court's temporary restraining order.  ECF No. 34.  In the same motion, Plaintiff requested a preliminary injunction hearing.  *Id.*

At a hearing on these motions, Defendants acknowledged the deficiencies in their application to arbitrate before FINRA and conceded they could likely refile their application, but also proposed that arbitration could be held in another forum which does

2

not have the same conditional requirements as FINRA. Defendants specifically suggested arbitration before JAMS arbitrator Judge Jacqueline Hogan Scola. Plaintiff filed an affidavit in support of its motion indicating its willingness to enter into arbitration before Judge Scola as long as it can be done without unnecessary delay. ECF No. 67.

**A. Jurisdiction**

Federal courts "have an independent obligation to determine whether jurisdiction exists in each case before [them]." *Anago Franchising, Inc. v. Shaz, LLC*, 667 F.3d 1272, 1275 (11th Cir. 2012). A federal court does not have inherent jurisdiction to enforce a settlement merely because it presided over the lawsuit that led to the settlement agreement. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379–80 (1994). "[A] federal court may have jurisdiction to enforce the terms of a private settlement agreement where a court has embodied the agreement in a dismissal order or has specially retained jurisdiction over it." *Miller v. Severson*, 20-14370-CIV-MIDDLEBROOKS, 2022 WL 20583586, at *1 (S.D. Fla. Jan. 6, 2022) (quoting *Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003)); *see also Kokkonen*, 511 U.S. at 381. In certain circumstances, "jurisdiction for federal courts may be predicated upon ancillary jurisdiction for matters that are incidental to an action properly before a federal court, if the matters are factually interdependent or so the court is able to manage its proceedings, vindicate its authority and effectuate its decrees." *Otegui v. City Works Constr. LLC*, 14-21057-CIV-WILLIAMS/SIMONTON, 2017 WL 945638, at *2 (S.D. Fla. Jan. 17, 2017) (citing *Kokkonen*, 511 U.S. at 377).

Under Rule 65 of the Federal Rules of Civil Procedure, a temporary restraining order may be issued on a showing that "immediate and irreparable injury, loss, or damage

will result to the movant before the adverse party can be heard in opposition." Rule 65(b)(1). Typically, a temporary injunction or temporary restraining order has a short lifespan which expires under Rule 65(b)(2) at a time "not to exceed 14 days" unless before that time the court, "for good cause, extends it for a like period." However, with good cause, a temporary restraining order may be extended for longer periods of time, such as "where the parties are awaiting a hearing on a preliminary injunction to convert a temporary restraining order to a preliminary injunction" or "where arbitration will take place in the near future." *Diabetic Care RX, LLC v. Express Scripts, Inc.*, 18-61331-CIV-MARTINEZ/SNOW, 2018 WL 4511878, at *3 (S.D. Fla. June 29, 2018) (citing *Suntrust Inv. Servs. v. Wachovia Sec., LLC*, No. 8:08-cv-852-T-26TGW, 2008 WL 2074395 (M.D. Fla. May 15, 2008)).

While the temporary restraining order was entered early in this case's proceedings, it has remained valid and in effect past the typical length of time for temporary restraining orders. Its duration was initially extended in preparation for a preliminary injunction hearing. Then the order was left in place due to the parties entering into a settlement agreement that required essentially the same performance as ordered in the temporary restraining order and included an arbitration clause.

Although this Court has copies of the parties' settlement agreement from exhibits attached to motions, and although the undersigned has reviewed the agreement's terms, the parties have never officially filed the settlement agreement. As a result, this Court has never specifically retained jurisdiction to enforce the settlement agreement and has no inherent jurisdiction to do so. Still, the entry of the temporary restraining order, which has never been dissolved and remains in force, provides this Court with jurisdiction such

that the undersigned recommends the Court deny the portion of Defendants' motion that moves to dismiss the case for lack of jurisdiction.

### B. Compel Arbitration

A threshold question in any motion to compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., is which issues should be decided by the trial court and which issues should be decided by an arbitrator. To answer that question, courts have identified three distinct types of challenges to motions to compel arbitration: "(1) a challenge to the validity of the arbitration clause standing alone, (2) a challenge to the validity of the contract as a whole, and (3) a challenge to the very existence of the contract." *Wiand v. Schneiderman*, 778 F.3d 917, 924 (11th Cir. 2015) (citing *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444–45 n.1 (2006)). Before compelling arbitration, courts must decide any challenges to the existence of the contract or to the validity of the arbitration clause before compelling arbitration. *Id.* If the trial court finds an arbitration clause exists and some, or all, of the claims asserted in the lawsuit are contemplated by the arbitration clause, the arbitrator must decide any challenges to the validity of the contract as a whole. *Id.*

"[Q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration. . . . The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Calcaterra v. Baptist Health S. Florida, Inc.*, 23-20364-CIV-MOORE, 2024 WL 2109349, at *4 (S.D. Fla. May 9, 2024) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)). Unless a court is positively assured that an arbitration clause cannot be in any way interpreted to cover a dispute, "[a]n order

5

to arbitrate the particular grievance should not be denied." *AT&T Tech., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986).  If an agreement does not expressly exclude a particular dispute from falling within a memorialized arbitration provision, "only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." *Steelworkers v. Warrior & Gulf Navig. Co.*, 363 U.S. 574, 584–85 (1960).

With the roles of the court and the arbitrator clearly delineated, the only determination this Court can make is whether a valid contract exists.  Despite assertions that the parties would not have entered into the agreement had they known issues with FINRA's jurisdiction would arise, that problem does not mean the contract to agree to settle does not exist.  The parties entered the agreement to settle with an acknowledgment that they would arbitrate any disputes.  Questions concerning the forum of that arbitration do not invalidate the entire agreement or prevent the court from finding a valid arbitration clause exists.  While thorough, the settlement agreement's arbitration provision in no way prevents any specific dispute from proceeding to arbitration.  Considering the general rule that all doubts as to arbitrability should be construed in favor of compelling arbitration, and now with both parties' expressed willingness to enter arbitration, there remains no reason not to resolve the underlying disputes in an arbitration forum.

Although Defendants previously did not meet the prerequisite conditions imposed by FINRA—to pay certain fees and become a registered member—it appears the parties have an opportunity to refile their claim to proceed with arbitration in that forum.  ECF No. 59.  Nevertheless, as both parties have now represented to the undersigned that they agree to arbitration outside of the exclusive jurisdiction dictated by the settlement

agreement, the undersigned recommends this Court compel arbitration with the parties' agreed-upon JAMS arbitrator, Judge Jacqueline Scola. While this Court cannot control Judge Scola's schedule, the undersigned recommends the arbitration be scheduled as soon as possible and completed, subject to Judge Scola's schedule, within ninety days.

### C. Plaintiff's Motion for Contempt and a Preliminary Injunction Hearing

Plaintiff's motion for an order to show cause stems from a desire to see the requirements of the temporary restraining order performed. As the requirements in that order are essentially the same as those laid out in the settlement agreement, it does not appear that now is the appropriate time to inquire into Defendants' current failure to comply, particularly when arbitration and possible performance are on the horizon. With the possibility of compelled arbitration, the issues Plaintiff has objected to may soon be fully resolved.

### RECOMMENDATION

For the foregoing reasons, the undersigned hereby RECOMMENDS Defendants' Motion to Dismiss for Lack of Jurisdiction and Compel Arbitration be DENIED in part and GRANTED in part, retaining this Court's jurisdiction but compelling the parties to engage in arbitration before Judge Scola according to their settlement agreement and recent representations to the undersigned. ECF No. 31. The undersigned also RECOMMENDS Plaintiff's Motion for Contempt and Request for a Preliminary Injunction be DENIED without prejudice. ECF No. 34.

Within seven (7) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C.

§ 636(b)(1); S.D. Fla. Mag. R. 4(b). Any response shall be filed within three (3) days of the objections. The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); see *Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 1st day of August 2024.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Jacqueline Becerra
Counsel of record