UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-20511-JB

MID-CASTLE DEVELOPMENT LIMITED,

    Plaintiff,

        v.

LIQUEOUS LP and JACOB FERNANE,

    Defendants,

_____/

Defendants' Reply in Support of their *Expedited* Motion for a
Protective Order and Motion to Quash Third-Party Subpoenas

    Defendants Liqueous LP and Jacob Fernane (collectively, "Defendants"), by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure 26(c) and 45(d)(3), hereby file their Reply in Support of their *Expedited* Motion for a Protective Order and Motion to Quash all Third-Party Subpoenas Issued by Plaintiff Mid-Castle Development Limited ("Plaintiff" or "Mid-Castle") (the "Motion") and require it to destroy all documents it improperly obtained from the issuance of inappropriate subpoenas. In support of the Motion, Defendants state:

    Plaintiff's various arguments[1] all fail outright because of one indisputable fact: The Parties settled the case and executed a binding Settlement Agreement. The case before this Court as reflected in the once operative pleading has been merged into the Settlement Agreement (notwithstanding Plaintiff's refusal to dismiss the case). Having settled the case, it is beyond peradventure that Plaintiff cannot continue to litigate—and invoke the powerful discovery tools of the FRCP—as if the case as if it were not settled.

    To be sure, Plaintiff argues that there was a breach of the Settlement Agreement. Fair enough. But the Settlement Agreement says that any dispute related to the facts of the case, or the

---

[1]     As a lead off argument, Plaintiff misses the mark when challenging standing and asserting that Defendants have no privacy over financial records. The point being, as discussed herein, Plaintiff has no right to exercise its use of the Federal Rules of Civil Procedure to obtain discovery.

1

settlement, must be arbitrated. (Indeed, the parties had agreed to an arbitrator, the Honorable Jacquiline Scola (Ret.), until she informed the parties that for business reasons, she no longer conducts arbitrations).

Everything else Plaintiff argues is simply a distraction. The parties settled the case. There is a settlement agreement. Having signed the settlement agreement, Plaintiff is barred from continuing to litigate the case, or the performance under the settlement agreement. There is no Court jurisdiction for this, and the Court must now, without delay, finally enter the order compelling arbitration. There is no discretion on the facts of this case to deny the motion to compel arbitration, but if that is the Court's decision, it should enter an order so that it Defendants could seek immediate appellate relief. But because this case no longer belongs in federal court, the motion to quash must also be granted, lest it reward the Plaintiff for its own improper conduct.

And, once in arbitration, whatever discovery is allowed—recognizing that the rights to discovery in arbitration are not as robust as in federal court—is a decision reserved for the arbitrator.

Plaintiff tries to argue that Defendants' Motion was not untimely. Defendants acted swiftly once the damage caused by Plaintiff's improperly issued subpoenas became tangible in that it substantially impacted Defendant Liqueous' ability to conduct business and damaged its relationships with banks and brokerage firms. As a reminder, currently, Liqueous has ZERO brokage firms that are necessary for it to conduct business with. Without these relationships Liqueous cannot execute a strategy that it offered to customers. In the past, Liqueous generated substantial revenue from this strategy. Without the Court's relief, Liqueous may not survive.

Plaintiff contends that subpoenas that it has issued have not impacted Defendants which is not the case. For example, CenterPoint is a division of Clear Street LLC. On or about June 2, 2024, Plaintiffs served a subpoena on Clear Street, LLC. It appears that Clear Street and its subsidiary CenterPoint share information enough for CenterPoint to refuse to conduct business with Liqueous. Additionally, on or about April 12, 2024, Plaintiff issued a subpoena to Charles Schwab Corporation ("Schwab"). Schwab provided notice to Defendant Jacob Furnane's father

that his records may be produced. This caused distress to a non-party facing serious health concerns.

Defendants will remind the court that the parties have yet to receive a ruling on Defendants' Motion to Compel Arbitration [DE 31]. Defendants hereby incorporate all arguments asserted in its Motion to Compel Arbitration and its Reply [DE 54] as if stated herein.

Certification of Compliance with Local Rule 7.1(a)(3)

By unintentional oversight, the following was not included in the initial Motion but is included herein to supplement Defendants' Motion.

Pursuant to Southern District of Florida Local Rule 7.1(a)(3), prior to the filing of the Motion, the undersigned conferred with counsel for Plaintiff Mid-Castle, advising them, in writing, that Defendants objected to the issuance of third-party subpoenas (multiple times) and that it would file a motion to quash the subpoenas. These communications were forwarded to Plaintiff's counsel in a good faith effort to resolve this matter. Plaintiff's counsel did not respond to Defendants' objections and it continued to issue more subpoenas in direct contravention to the Settlement Agreement.

Conclusion

For the reasons set forth above, Defendants Liqueous LP and Jacob Fernane respectfully request that this Court issue a Protective Order:

A.  Prohibiting Plaintiff from engaging in any further discovery related to the underlying case;

B.  Quashing any subpoenas or discovery requests issued by Plaintiff following the execution of the Settlement Agreement; and

C.  Requiring Plaintiff to destroy all improperly subpoenaed materials.

Dated: September 5, 2024

Case No. 1:24-cv-20511-JB

Respectfully submitted,

Walter J. Mathews, Esq.
Walter J. Mathews, P.A.
*Counsel for Defendants Liqueous LP and Jacob Fernane*
219 Davie Boulevard
Fort Lauderdale, Florida 33315
Service:  wjm@mathewsllp.com
Telephone:  954.463.1929

By:  /s/Walter J. Mathews
     Walter J. Mathews, Esquire
     Florida Bar No. 0174319

OF COUNSEL:

Scott Vick, Esq. (*pro hac vice* admission)
California Bar No. 171944
Vick Law Group
301 N. Lake Avenue, Suite 600
Pasadena, California 91101
Service:  scott@vicklawgroup.com
Telephone:  213-784-6227

Certificate of Service

I HEREBY CERTIFY that on the 5th of September, 2024, I electronically filed the foregoing document with the Clerk via CM/ECF.

By:  /s/Walter J. Mathews
     Walter J. Mathews, Esquire