UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 24-20511-CIV-BECERRA/HUNT

MID-CASTLE DEVELOPMENT LIMITED,

    Plaintiff,

vs.

LIQUEOUS LP and JACOB FERNANE,

    Defendants.
_____/

## ORDER ON DEFENDANTS' MOTIONS FOR A PROTECTIVE ORDER AND TO QUASH THIRD-PARTY SUBPOENAS

THIS MATTER is before the Court on two motions filed by Defendants for Protective Orders. ECF Nos. 76, 84. The Honorable Jacqueline Becerra, United States District Judge, referred Defendants' Motion to Dismiss for Lack of Jurisdiction and Compel Arbitration, ECF No. 31, and Plaintiff's Motion for Contempt and Request for a Preliminary Injunction Hearing, ECF No. 34, and all motions that relate directly to those motions, to the undersigned United States Magistrate Judge. *See* 28 U.S.C. § 636(b); *see also* S.D. Fla. Mag. R. 1. This Court held a hearing on September 10, 2024, on Defendants' first motion for a protective order. Having reviewed the Motions, Responses[1] and Replies, and having considered the representations made by counsel at the hearing, this Court

---

[1] Plaintiff has not yet responded to Defendants' second expedited motion, ECF No. 84. However, Defendants have raised in this second motion issues essentially identical to those raised in the first motion. As Defendants complain Plaintiff is continuing to engage in the same behavior by continuing to issue subpoenas, this order resolves the issues described in both motions.

hereby **ORDERS and ADJUDGES** Defendants' motions are GRANTED in part and DENIED in part.

At issue is Plaintiff's issuance of multiple subpoenas to third parties, despite the parties' agreement to arbitrate this matter. Defendants' motions seek a protective order to prevent Plaintiff from issuing said subpoenas and to require Plaintiff to destroy all responsive documents obtained through those subpoenas.

The undersigned on August 1, 2024, entered a Report and Recommendation on Defendants' Motion to Dismiss and Compel Arbitration, ECF No. 31, and on Plaintiff's Motion for Contempt and Request for a Preliminary Injunction Hearing, ECF No. 34. The report recommended this Court compel arbitration and submit the ultimate decision in this case to an arbitrator. ECF No. 69. Although Plaintiff objected to the recommendation to deny without prejudice its motion for contempt and preliminary injunction, neither party has entered any objection to the recommendation to send the case to arbitration. Instead, the parties agreed—even before the entry of the recommendation—to conditions for arbitration and to that end have hired an arbitrator, set a date for arbitration, and laid out a schedule for that arbitration.

Although Defendants' underlying motion to dismiss and compel arbitration requested a total dismissal of the case, the proper path is to instead stay a case when the parties have agreed to arbitration. *Smith v. Spizzirri*, 601 U.S. 472, 477–78 (2024). Although the undersigned lacks the power to stay the case, as that power lies with the District Court, the parties are well aware—and have *agreed*—that the issues in this case will be submitted to arbitration.

Given the lack of objection regarding the recommendation to arbitrate, the parties and their counsel should behave as though the recommendation has been accepted, proceed to arbitration, and conduct themselves accordingly until the time when the District Court makes its determination. The parties and their counsel should not attempt to game the system by abusing this Court's power to compel discovery simply because the District Court has not yet ruled upon the Report and Recommendation.

Even though it should have been clear to the parties, it is true this Court has not until this point explicitly forbidden the issuance of subpoenas. Subpoenas have been issued, responsive documents have already been reviewed for information, and the genie cannot be put back into the bottle. But that should not be the case going forward. The parties are now on notice they may no longer use this Court's authority to pursue discovery. As such, any unanswered subpoenas should be immediately withdrawn, and any responsive documentation or information received past the date of this order should be destroyed. Of course, counsel may agree among themselves to conduct discovery. However, the parties shall not do so under the auspices of this Court's authority, and the parties should not expect this Court to resolve any discovery disputes that arise after the issuance of this order. Accordingly, Defendants' motions for protective orders are GRANTED in part and DENIED in part as outlined above.

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 17th day of September 2024.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Jacqueline Becerra
Counsel of record