UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 24-cv-20511-JB/Hunt

MID-CASTLE DEVELOPMENT LIMITED,

        Plaintiff,

v.

LIQUEOUS LP, *et al.*,

        Defendants.

_____/

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATIONS,
DENYING PENDING MOTIONS AND REQUIRING STATUS REPORT**

**THIS CAUSE** was referred to the Honorable Patrick M. Hunt, United States Magistrate Judge, for a Report and Recommendation on Defendants' Motion to Compel Arbitration, ECF No. [31], and Plaintiff's Motion for Contempt and Request for a Preliminary Injunction, ECF No. [34].  *See* ECF Nos. [35], [37].  Following a hearing and briefing by the parties, Magistrate Judge Hunt filed a Report and Recommendation (the "Report"), recommending that Defendants' Motion be granted in part and denied in part, and the Court "retain[] jurisdiction but compel[] the parties to engage in arbitration . . . according to their settlement agreement and recent representations to the undersigned."  ECF No. [69] at 7.  The Report further recommends that Plaintiff's Motion be denied without prejudice because "[w]ith the possibility of compelled arbitration, the issues Plaintiff has objected to may soon be fully resolved."  *Id*.  Magistrate Judge Hunt later filed a Supplemental Report and Recommendation in which he noted that the parties had agreed to engage in arbitration before James Sallah in accordance with the settlement agreement and

1

representations made by counsel to the Court. ECF No. [85]. The prior Report and Recommendations otherwise remain the same. *Id*. at 2.

Plaintiff filed objections to that portion of the Report and Recommendations which denied its Motion for Contempt and Request for Preliminary Injunction (the "Objections"). ECF No. [73]. Plaintiff contends that "a preliminary injunction pending arbitration, and contempt proceedings to enforce the TRO and injunction, are necessary to preserve any remaining shares and proceeds so that Plaintiff can achieve actual recovery when the matter is resolved." *Id*. at 6. Defendants did not file a response to the Objections.

This Court has a duty to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). It also may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*.

## I. BACKGROUND

The Verified Complaint in this action arises out of an allegedly unauthorized share transfer. ECF No. [1]. Plaintiff is the alleged owner of 3.648 million shares in Shengfeng Development Limited, a foreign private issuer whose shares are listed and traded on the Nasdaq under the ticker SFWL (the "SF Shares"). *Id*. at ¶ 8. Plaintiff alleges that Defendants withdrew 2.5 million of Plaintiff's SF Shares out of Plaintiff's account without authorization, and refuse to return those shares to Plaintiff. *Id*. at ¶¶ 15-42. The Verified Complaint asserts three causes of action: (i) Count I for a declaratory judgment that Plaintiff is the only lawful owner of the 2.5 million SF

Shares and that Defendants are unlawfully holding the shares, (ii) Count II for conversion of Plaintiff's 2.5 million SF Shares, and (iii) Count III for unjust enrichment based upon Defendants' retention of the 2.5 million SF Shares that belong to Plaintiff. *Id.* at 6–7.

On February 28, 2024, upon Plaintiff's Motion for Temporary Restraining Order, Preliminary Injunctions, and Limited Expedited Discovery, the Court entered a Temporary Restraining Order ("TRO") preventing Defendants from transferring or otherwise disposing of "any stock of Shengfeng Development Ltd." or any assets "directly flowing from the sale of such shares," and requiring Defendants to produce documentation of the shares' whereabouts. ECF No. [16]. A preliminary injunction hearing was scheduled for March 1, 2024, but was cancelled upon the parties' Joint Motion to Continue Hearing. ECF Nos. [25], [26]. On March 15, 2024, before a preliminary injunction hearing took place, the parties entered into a written Settlement Agreement and Release wherein they resolved this action according to the terms set forth therein. ECF No. [31-2].

The Settlement Agreement contains an arbitration clause which states that "all disputes arising from or relating to this Agreement shall be heard and determined exclusively in FINRA arbitration before the Financial Regulatory Authority, and irrevocably submit to such jurisdiction, which jurisdiction shall be exclusive." *Id.* at ¶ 23. The Settlement Agreement also contains a provision titled "Dismissal of the Action with Prejudice" which states that "[w]ithin twenty-four (24) hours after Mid-Castle receives the Settlement Shares in the above-designated account and the

parties make the productions described in section 3," Plaintiff will "withdraw the motion for TRO and seek an order [v]acating the TRO," and "[a]fter the vacatur of the TRO, Defendants may file the Stipulation for Dismissal." *Id*. at ¶ 3. Plaintiff did not file a motion to withdraw its motion for preliminary injunction or vacate the TRO, and neither party filed a Stipulation of Dismissal. Indeed, neither party filed their Settlement Agreement with the Court until Defendants filed their Motion to Compel Arbitration. To date, the parties have not requested that the Court dismiss this action in light of their settlement, nor have they requested that the Court retain jurisdiction to enforce their Settlement Agreement.

On April 17, 2024, Defendants filed a Motion to Compel Arbitration. ECF No. [31]. Defendants assert that "[t]he parties have a dispute over the terms of the settlement agreement" and "[t]he Settlement Agreement contains an arbitration clause, mandating FINRA arbitration in the event of any disputes." *Id*. at 1. Defendants posit that "[u]nder the settlement agreement and the Federal Arbitration Act, the court must compel the dispute to arbitration." *Id*. Plaintiff filed a Response in Opposition, in which it raises three arguments: (i) the claims in this action do not fall within the scope of the arbitration clause in the Settlement Agreement, (ii) the "agreed-to-arbitration has already run its course," and (iii) Defendants "are in default with respect to proceeding with [the FINRA] arbitration." ECF No. [50]. The Court cannot evaluate the merits of the parties' arguments regarding arbitrability of their dispute because the Court lacks jurisdiction to enforce the Settlement Agreement.

4

## II. ANALYSIS

It is clear from the record that the only way the Court can compel arbitration is through enforcement of the Settlement Agreement, as the Verified Complaint is not based upon any contract between the parties, much less a contract that contains an arbitration clause. However, as Magistrate Judge Hunt recognized, the Court does not have inherent jurisdiction to enforce the parties' settlement. ECF No. [69] at 3. The enforcement of a settlement agreement "requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 378 (1994).

"In *Kokkonen,* the Supreme Court recognized that the enforcement of a settlement agreement falls outside of the scope of ancillary jurisdiction of the federal courts, even when the court had jurisdiction to hear the underlying case." *Anago Franchising, Inc. v. Shaz, LLC*, 677 F. 3d 1272, 1278 (11th Cir. 2012) (citation omitted). In order for a court "[t]o retain jurisdiction to enforce a settlement agreement, the court itself must act; agreement by the parties is not enough." *Id.* at 1279 (citation omitted). For this reason, a court must either expressly retain jurisdiction over the settlement agreement in its order of dismissal or incorporate the terms of the settlement agreement into its order, absent which the court lacks jurisdiction to enforce the parties' settlement. *Kokkonen*, 511 U.S. at 381. "The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of h[er] order." *Id.*

Here, the Court has not entered any dismissal order—or been asked to do so— which retains jurisdiction over the Settlement Agreement or incorporates its terms.

Nor has the Court entered any order in this case which could arguably satisfy the dictates of *Kokkonen*. Moreover, the TRO does not suffice, as it predates the parties' settlement, was not thereafter amended to explicitly require compliance with the Settlement Agreement, and of course, the TRO does not compel or otherwise require arbitration of the issues. Where, as here, "the settlement agreement is not made part of a court order, it is merely a private contract arising out of a case in federal court and 'ha[s] nothing to do with' the underlying case." *Anago Franchising*, 677 F. 3d at 1281. Defendants are free to seek enforcement of the Settlement Agreement and compel compliance with the arbitration clause therein by filing a separate action to do so. However, the Settlement Agreement "does not require adjudication by [this] court….".  *Id*.

For these reasons, the Court lacks jurisdiction to enforce the Settlement Agreement and Defendant's Motion to Compel Arbitration is therefore DENIED. Nonetheless, the Court recognizes that the parties were working together to schedule arbitration and may have proceeded to arbitration following entry of the Report. If so, the preliminary injunction and contempt proceedings that Plaintiff requests may now be moot. Given the current posture of this case, the Court finds that it is more appropriate to deny Plaintiff's Motion without prejudice pending the filing of a joint status report, following which Plaintiff can renew its Motion if warranted.

### III. CONCLUSION

Accordingly, for the foregoing reasons and after careful consideration, it is

hereby **ORDERED AND ADJUDGED** that:

1. The Report, ECF No. [69], is **ADOPTED IN PART**. Specifically, that portion of the Report relating to Defendants' Motion to Compel Arbitration is **not adopted**. The Report's recommendation that Plaintiff's Motion for Contempt and Request for Preliminary Injunction be denied without prejudice is **adopted**, but for the reasons stated herein. As such, the Report's reasoning with respect to Plaintiff's Motion is **not adopted**.

2. The Supplemental Report and Recommendation, ECF No. [85], is **NOT ADOPTED**.

3. Defendants' Motion to Compel Arbitration, ECF No. [31], is **DENIED**.

4. Plaintiff's Objections, ECF No. [73], are **OVERRULED** for the reasons stated herein.

5. Plaintiff's Motion for Contempt and Request for a Preliminary Injunction, ECF No. [34], is **DENIED WITHOUT PREJUDICE** and Plaintiff may file a renewed motion if the parties have not already resolved their dispute, whether through arbitration or otherwise.

6. The parties shall file a Joint Status Report **no later than April 2, 2025**, advising the Court of their arbitration efforts, or if they intend for the matter to proceed before the Court.

**DONE AND ORDERED** in Miami, Florida, this 26th day of March, 2025.

_____
JACQUELINE BECERRA
UNITED STATES DISTRICT JUDGE