# APPENDIX A

IN THE MATTER OF THE ARBITRATION BETWEEN:

**Mid-Castle Development Limited**

Claimant

v.

**Liqueous LP and Jacob Fernane**

Respondents

---

**FINAL CASE SCHEDULE**

---

**March 28, 2025**

Claimant Mid-Castle Development Limited ("Mid-Castle" or "Claimant") and Respondents Jacob Fernane ("Fernane") and Liqueous LP ("Liqueous", and with Fernane, "Respondents"), jointly submit for entry this final case schedule.

## SCHEDULE

1. April 15, 2025. Deadline for Respondents to Answer the Demand for Arbitration. The answer will include a paragraph-by-paragraph response. The answer will include all affirmative defenses known by Respondents to date with a general description of the bases for each defense.

2. Any party may move for summary adjudication of any claim or defenses at any time, any opposition shall be filed 21 days after motion for summary adjudication, and a reply shall be filed no later than 14 days after that. If any day lands on a weekend, the time shall be extended to the Monday following the weekend. *However, no deadlines shall run for Respondent while he is out of the country on vacation from April 23 to May 19.*

3. July 21, 2025. Discovery cut-off.

4. Experts.

    a. July 21, 2025. Designation of experts with general description of testimony.

    b. August 4-8, 2025. Expert depositions, if any, to occur.

5. August 13, 2025. Pre-Arbitration briefs.

6. August 18, 2025. The parties shall jointly pre-marked exhibits and lodge them electronically with the Arbitrator. If one party or the other does not agree on the inclusion of any particular exhibit or exhibits, they may be separately lodged with the Arbitrator as "Claimant's Exhibits" or "Respondents' Exhibits," as the case may be, and exchanged with the other party on that same date.

7. August 20-22, 2025. Arbitration hearing shall be held commencing at 10 am and concluding at 5 pm (eastern standard time). The Parties and their counsel may elect to attend in person or via Zoom.

8. This schedule shall not be modified for any reason, except on showing of good cause. Good cause shall be determined based upon a showing of circumstances or events, unknown to the Parties as of the date of this Order, which are beyond the Parties' control.

So Ordered

James Sallah, Arbitrator