UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 24-20511-CIV-BECERRA/HUNT

MID-CASTLE DEVELOPMENT
LIMITED,

        Plaintiff,

v.

LIQUEOUS LP and JACOB FERNANE,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on Plaintiff Mid-Castle Development Limited's ("Plaintiff") Motion to Confirm Arbitration Award and for Entry of Final Judgment ("Motion"), brought pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9. ECF No. 99. The Honorable Jacqueline Becerra, United States District Judge, referred the Motion to the undersigned United States Magistrate Judge for appropriate disposition. ECF No. 101; *see also* 28 U.S.C. § 636(b); S.D. Fla. L.R., Mag. R. 1. The undersigned, having reviewed the Motion, the Arbitration Award, the record, and being otherwise fully advised in the premises, RECOMMENDS that the Motion be GRANTED.

Plaintiff and Defendants Liqueous LP and Jacob Fernane arbitrated the underlying claims in August and September 2025.[1] *See* ECF No. 99 at 2–3. On November 5, 2025, Arbitrator James D. Sallah issued a decision concluding that "the [Defendants] are jointly and severally liable to [Plaintiff] in the amount of $8,855,694," and "[t]o the extent that the

---

[1] In a joint filing, the parties agreed that this Court shall retain jurisdiction to enforce any arbitration award. ECF No. 92. The Court stayed the action pending arbitration, allowing leave to file a motion to reopen the case after arbitration concluded. ECF No. 93.

Final Award is not paid within thirty (30) days, it shall accrue post-judgment interest at the rate of .0236986% per day (or 8.65% per annum)."  ECF No. 99-1 at 7.

The Federal Arbitration Act expressly provides that a court must grant a motion to confirm an arbitration award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."  9 U.S.C. § 9.  The statute "unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Hall St. Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008). None of those exceptions apply.  *See* 9 U.S.C. §§ 10–11.  Additionally, Defendants have defaulted by not responding to the Motion.  *See* S.D. Fla. L.R. 7.1(c)(1).

## **RECOMMENDATION**

Based on the foregoing, it is hereby RECOMMENDED that Plaintiff's Motion to Confirm Arbitration Award and for Entry of Final Judgment, ECF No. 99, be GRANTED and the Arbitration Award be CONFIRMED.  The Court should award damages to Plaintiff in the amount of $8,855,694, plus post-judgment interest at the rate of 0.0236986% per day (or 8.65% per annum) if the Final Award was not paid within thirty (30) days.  The Clerk should enter a final judgment against Defendants in favor of Plaintiff consistent with the Arbitration Award.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE and SUBMITTED in Chambers at Fort Lauderdale, Florida, on the 9th day of February 2026.

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Jacqueline Becerra
All counsel of record